**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4215**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THURMAN MOBLEY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-99-165-10-V)

———————

Submitted:  March 31, 2006          Decided:  August 16, 2006

———————

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Joel Merritt Wagoner, LAW OFFICE OF WILLIAM T. PEREGOY, Wilmington, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

After a jury trial, Thurman Mobley was convicted of conspiracy to possess with intent to distribute and to distribute crack cocaine, and conspiracy to use, carry, and possess firearms during and in relation to a drug trafficking offense. On a special verdict form, the jury found that the drug conspiracy involved "at least 5 grams but less than 50 grams of cocaine base." The district court found that Mobley was responsible for between 35 and 50 grams of cocaine base and sentenced him to 170 months in prison. Mobley appeals his sentence, asserting that it violates the Sixth Amendment. We agree and therefore vacate his sentence and remand for resentencing.

Citing United States v. Booker, 543 U.S. 220 (2005), Mobley asserts that the district court's finding of thirty-five to fifty grams enhanced his sentence beyond the jury's finding of five to fifty grams, in violation of the Sixth Amendment. Because Mobley did not raise this issue in the district court, our review is for plain error. See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005). To demonstrate plain error, a defendant must establish that an error occurred, that the error was plain, and that it affected his substantial rights. Id. at 547-48. If the defendant establishes these requirements, this court may exercise its discretion to notice the error "only when failure to do so would result in a miscarriage of justice, such as when the

defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 555 (internal quotation marks and citation omitted).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. Booker, 543 U.S. at 233-34. The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. Hughes, 401 F.3d at 546-47.

Here, the district court sentenced Mobley under the mandatory federal sentencing guidelines and based on drug quantities found by a preponderance of the evidence. The jury found that Mobley was responsible for at least five, but less than fifty grams of crack. This finding encompassed three different offense levels under the sentencing guidelines, each providing for different sentencing ranges. The district court found, by a preponderance of the evidence, that Mobley was responsible for at least thirty-five but less than fifty grams of crack. This factual finding placed Mobley in the highest of the three ranges possible under the jury's verdict. Because the district court's findings increased Mobley's sentence beyond that which may have been authorized by the jury's findings, we conclude that Mobley's

sentence was the result of plain error.[1]  See Booker, 543 U.S. at 233-34; see also United States v. Rhynes, 196 F.3d 207, 238 (4th Cir. 1999), vacated in part on other grounds on reh'g en banc, 218 F.3d 310 (4th Cir. 2000) (holding that when there is a general verdict in a multiple-drug conspiracy, the defendant may be sentenced only up to the maximum for the least-punished drug offense on which the conspiracy verdict might have been based).

Accordingly, although we affirm Mobley's convictions, we vacate his sentence and remand for resentencing consistent with Booker and Hughes.[2]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Mobley's sentencing.  401 F.3d at 545 n.4.

[2]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  543 U.S. at 264.  On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence.  Hughes, 401 F.3d at 546.  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005).  Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable."  Id. at 547.